PER CURIAM.
In this workers’ compensation case, Claimant challenges an order entered by the Judge of Compensation Claims (JCC) granting the Employer/Carrier’s (E/C) motion to “enforce” a settlement agreement reached at mediation. Because Claimant failed to'preserve any error concerning the competency of the evidence, we affirm the JCC’s finding that Claimant knowingly and voluntarily settled all indemnity and medical benefits under chapter 440 for a lump-sum payment, which agreement was final and binding and requires the E/C to pay Claimant and her former attorney sums certain and requires Claimant, for her part, to execute an additional “general release/separation of employment.” The JCC did not err by giving effect to this agreement and concluding that the case had settled with finality and that under this agreement Claimant was required to sign an additional release and a separation of employment. The JCC, however, erred when she re-wrote the settlement terms to require Claimant to return additional signed settlement documentation as a condition precedent to receiving the settlement proceeds and by compelling Claimant to sign such additional documents — as the JCC was without authority to rewrite the parties’ agreement or compel specific performance of the agreement. Instead, the JCC’s authority was limited to determining whether the parties had entered into a settlement and entering an order, giving effect to that settlement. Accordingly, we modify the order on appeal by striking the fourth paragraph of the decretal por *27 tion of the order. The order, as modified, is AFFIRMED.
PADOVANO, MARSTILLER, and OSTERHAUS, JJ., concur.